TIFFANY & BOSCO
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-22576

**ORDERED.**

Dated: July 14, 2010



EILEEN W. HOLLOWELL
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Jose A. Rodriguez and Lady Perez<br>        Debtors.<br>_____<br>Wells Fargo Bank, N.A.<br><br>       Movant,<br>  vs.<br><br>Jose A. Rodriguez and Lady Perez, Debtors;<br>Russell A. Brown, Trustee.<br><br>      Respondents. | No. 0:09-bk-20501-EWH<br><br>Chapter 13<br><br>(Related to Docket #29)<br><br>**AMENDED<br>ORDER REGARDING<br>MOTION FOR RELIEF** |

    IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Yuma County, Arizona Recorder's Office, wherein Jose A. Rodriguez

and Lady Perez, Jose Rodriguez, are designated as trustors and Wells Fargo Bank, N.A. is the current beneficiary, which Deed of Trust encumbers the following described real property:

Lot 16, LOS OLIVOS SUBDIVISION, according to Book 21 of Plats, Pages 55 and 56, records of Yuma County, Arizona,

EXCEPT all oil, gases, and other hydrocarbon substances, helium or other substances of a gaseous nature, geothermal resources, coal, stone, metals, minerals, fossils and fertilizer of every name and description and except all uranium, thorium, or any other material which is or may be determined by the laws of the State of Arizona, the United States of America, or decisions of courts to be peculiarly essential to the production of fissionable materials, whether or not of commercial value, as reserved in Section 37-231 Arizona Revised Statutes.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages by adding to their Chapter 13 Plan, currently due as follows:

| | |
|---|---|
| 9 Monthly Payments(s) at $1,045.66 | $9,410.94 |
| (October 1, 2009 - June 1, 2010) | |
| 9 Late Charge(s) at $32.36 | $291.24 |
| (October 1, 2009 - June 1, 2010) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $450.00 |
| Total | $10,302.18 |

1. The total arrearage listed above shall be paid by the Chapter 13 Trustee consistent with the terms of an Amended Chapter 13 Plan to be filed by the Debtors within five (5) business days from the date of Court Order approval of this ORDER. Movant will file a Supplemental Proof of Claim for the total amount due list above.

2. In addition to the payment listed in Paragraph 1, the Debtors, will make the regular post-petition payment due for July 1, 2010, which shall be made when due, and all subsequent payments shall be made when due to the following address:
Wells Fargo Bank
Attn: Bankruptcy Department
One Home Campus
Mac ID#X2302-04C
Des Moines, IA 50328

2

IT IS FURTHER ORDERED that the terms of Plan of Reorganization proposed for confirmation shall be consistent herewith.  Any inconsistency herewith, or the inability of the Debtors to have a Plan confirmed for any reason, shall constitute an event of default by Debtors, and no further notice is required.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 0:09-bk-20501-EWH is dismissed, either voluntary or involuntary, for any reason, this ORDER will become null and void and Wells Fargo Bank, N.A. and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that this Order terminates upon Debtor curing the post petition default described herein.

IT IS FURTHER ORDERED that if a default notice becomes necessary, this matter will be reset for hearing to determine relief.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.